IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:10-CV-176-FL

| | | |
|---|---|---|
| JAMES M. JOHNSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER and** |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| CAROLYN PATTERSON: USDA AND | ) | |
| SHAWN SPEARS – S AND J OF | ) | |
| RALEIGH, | ) | |
| | ) | |
| Defendants. | | |

This pro se case is before the court on the motion to proceed in forma pauperis under 28 U.S.C. § 1915(a)(2) (D.E. 1) by plaintiff James M. Johnston ("plaintiff") and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). These matters were referred to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), respectively. The court finds that plaintiff has adequately demonstrated his inability to pre-pay the required court costs, and his motion is therefore ALLOWED. However, based on the court's frivolity review, it will be recommended that this case be DISMISSED for the reasons stated below.

Plaintiff's complaint consists of a four-page form (D.E. 1-1) completed in handwriting. In his complaint, plaintiff alleges that defendant Shawn Spears d/b/a S and J of Raleigh ("Spears"), a contractor, performed defective work in making repairs to plaintiff's home and that his "home is in worse condition now, than when [the] contractor started." (Compl. 3). Plaintiff further alleges that he paid for the repairs with a federal loan and grant from the Rural Development Administration of defendant United States Department of Agriculture ("USDA"). (*Id*. 1-2). Plaintiff also alleges that defendant Carolyn Patterson ("Patterson") of the USDA

"committed fraude [sic] in order to get her contractor the contract . . . ." (*Id*. 3). Plaintiff seeks relief in the form of having the repair work redone, discharge of the loan he received from the USDA, and "$150,000 for violation of my rights under gov. contracts, so I can finish my house." (*Id*. 4).

The claims that plaintiff seeks to bring against Spears in this action are essentially identical to those he sought to bring in two other cases in this court, *James M. Johnston v. Shawn Spears, S and J of Raleigh*, No. 4:10-CV-116-D (case opened 27 Aug. 2010), and *James M. Johnston v. Shawn Spears, S and J of Raleigh*, No. 4:10-CV-139-FL (case opened 6 Oct. 2010). The complaints in each of these previous actions were dismissed pursuant to a frivolity review on the grounds of lack of subject matter jurisdiction. (*See* 27 Sept. 2010 Order (D.E. 6) in No. 4:10-CV-116-D; 17 Dec. 2011 Order (D.E. 5) in No. 4:10-CV-139-FL). For the reasons stated in these orders, it will be recommended that the claims against Spears also be dismissed for lack of subject matter jurisdiction.

Unlike in the prior two cases, plaintiff has named Patterson and the USDA as defendants. The essence of plaintiff's claims against them is that Patterson, acting as a USDA employee, required him to use an incompetent contractor, Spears, to do repair work on his home. However, pursuant to 7 U.S.C. § 6912(e), plaintiff was required to pursue the claims against these defendants with the USDA before seeking relief in this court. Specifically, this statute provides that "a person shall exhaust all administrative appeal procedures established by the Secretary [of the Department of Agriculture] or required by law before the person may bring an action in a court of competent jurisdiction against . . . the [USDA] . . . an agency, office, officer, or employee of the [USDA]." 7 U.S.C. § 6912(e)(1), (3); *see also Gold Dollar Warehouse, Inc. v. Glickman*, 211 F.3d 93, 102 (4th Cir. 2000) (holding that the district court had no subject matter

2

Case 4:10-cv-00176-FL   Document 4   Filed 07/12/11   Page 2 of 3

jurisdiction over claims against the USDA where the plaintiffs did not exhaust their administrative remedies); *Allied Home Mortg. Capital Corp. v. United States*, 95 Fed. Cl. 769, 785 (2010) (concluding that it did not have jurisdiction over plaintiff's claims against the USDA arising out of participation in the USDA's Rural Development Administration loan guarantee program where it failed to pursue USDA administrative remedies). Because plaintiff has not alleged that he pursued his claims against Patterson and the USDA through the USDA's administrative process before bringing the instant action, the court has no subject matter jurisdiction over these claims, and they should be dismissed.

For the foregoing reasons, it is RECOMMENDED that this action be DISMISSED.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties or, if represented, their counsel, who have 14 days, or such other time as the court directs, to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

SO ORDERED, this the 11th day of July 2011.

James E. Gates
United States Magistrate Judge