IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:10-CV-176-FL

| | | |
|---|---|---|
| JAMES M. JOHNSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CAROLYN PATTERSON: USDA, and | ) | |
| SHAWN SPEARS – S AND J OF | ) | |
| RALEIGH, | ) | |
| | ) | |
| Defendants. | ) | |

This case is plaintiff's third lawsuit before this court. Both previous cases (No. 4:10-CV-116-D and No. 4:10-CV-139-FL) involved the same factual allegations and were dismissed as frivolous by the court on frivolity review for lack of subject matter jurisdiction. This matter now comes before the court on the recommendation of United States Magistrate Judge James E. Gates, pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), that the court also dismiss this latest *in forma pauperis* complaint of plaintiff, under 28 U.S.C. § 1915(e)(2), for lack of subject matter jurisdiction. Plaintiff timely objected to that recommendation.[1]

Upon *de novo* review, the court agrees with the magistrate judge that this action must be dismissed for lack of jurisdiction. See Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004) (noting that questions of subject matter jurisdiction should be raised by the court *sua sponte*). As the magistrate judge noted, plaintiff's failure to exhaust his administrative

---

[1] The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). Upon review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

remedies with the United States Department of Agriculture ("USDA") deprives this court of jurisdiction over his claim against that agency and any of its employees.[2] See 7 U.S.C. § 6912(e); Gold Dollar Warehouse, Inc. v. Glickman, 211 F.3d 93, 102 (4th Cir. 2000) (holding that § 6912(e) is a jurisdictional requirement); accord Bastek v. Fed. Crop Ins. Corp., 145 F.3d 90, 94-95 (2d Cir. 1998). But see Am. Growers Ins. Co. v. Fed. Crop Ins. Corp., 532 F.3d 797, 800 (8th Cir. 2008) (citing cases from other circuits holding that § 6912(e) is a nonjurisdictional requirement). And without the USDA or its employee Carolyn Patterson as defendants, plaintiff's state law claim against defendant Shawn Spears — a fellow North Carolinian — satisfies neither federal question nor diversity of citizenship jurisdiction. See 28 U.S.C. §§ 1331, 1332.

Accordingly, upon *de novo* review of the magistrate judge's memorandum and recommendation ("M&R") (DE # 4), the court ADOPTS as its own the recommendation of the magistrate judge and DISMISSES this action for lack of subject matter jurisdiction. The Clerk is directed to close this case.

SO ORDERED, this the 17 day of August, 2011.

U. S.

LOUISE W. FLANAGAN
Chief United States District Judge

---

[2] Plaintiff indicates that he "can prove that [he] . . . tried to deal with this matter with the U.S.D.A. from Halifax, N.C. to Wash[ington], D.C." See Obj. 1. But no further documentation of any attempt to properly exhaust was forthcoming. In any event, compliance with a jurisdictional exhaustion requirement must be pleaded in a plaintiff's complaint. See Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 677 (4th Cir. 2005) (citing Pinkley, Inc. v. City of Frederick, Md., 191 F.3d 394, 399 (4th Cir. 1999)). Finally, plaintiff asked the court to watch two videos he uploaded to YouTube, a video-sharing website. See James Johnston, "USDA Foul Play - Part I," available at http://www.youtube.com/watch?v=Qz1-2QGtLhI; James Johnston, "USDA Foul Play - Part II," available at http://www.youtube.com/watch?v=-eGfq00GBnI. The court did so, but the videos do not demonstrate that plaintiff exhausted his administrative remedies as required by § 6912(e).

2